UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
SEP 1 4 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-500-GWU

EARL DAVIDSON,            PLAINTIFF,

VS:           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT,

INTRODUCTION

Earl Davidson originally brought Davidson v. Barnhart, London Civ. A. No. 02-481 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of October 15, 2003, it is again before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in

1

death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d

2

654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

4

occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge concluded that Davidson, a 50 year-old former deep mine equipment repair and maintenance person with a 3rd grade education, suffered from impairments related to a depression disorder. (Tr. 430, 435). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform work at all exertional levels restricted only by a limitation to low stress jobs. (Tr. 435-436). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 436). In reaching this determination, the ALJ relied upon Rule 204.00 of the Medical-Vocational Guidelines, Social Security Ruling 85-15 and the vocational testimony from a prior hearing. (Tr. 434-435).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the

Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

This action was previously reversed and remanded by the Court because the ALJ did not deal properly with the mental restrictions identified by Dr. George Chaney, a treating source. Upon remand, this problem has been corrected.

Dr. Chaney identified very severe mental restrictions on a Mental Medical Source Statement. (Tr. 343-345). Following remand of the action, progress notes dated from October, 2001 through January, 2004 from Cumberland River Community Care, the plaintiff's treating source for his mental limitations, were introduced into evidence. These records included the results of a mental health examination from April of 2002 which indicated that the claimant suffered from only "mild" depression and was unimpaired in such areas as his memory, insight, judgment, speech, thought, attention, and interaction with others. (Tr. 481-482). These Cumberland River treatment records repeatedly suggest that Davidson was stable and doing well. (Tr. 468-486). Dr. Chaney was a general practitioner who appears to have mainly treated the plaintiff for physical problems. (Tr. 125-143, 310-341). The Administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of expertise than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5). The Court also notes that Psychologist Suzann O'Koon testified at the prior administrative hearing and thought that the plaintiff only needed to be restricted to low stress jobs.[1] (Tr. 63). Therefore, under these circumstances, the ALJ could properly reject the opinion of Dr. Chaney in favor

---

[1] O'Koon's testimony itself had been inadequate to support the administrative decision because the examiner did not articulate the reasons why her opinion differed from that of Dr. Chaney as required by Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, it can now be buttressing material.

6

of those of Cumberland River and O'Koon.

The ALJ also dealt properly with the evidence of record relating to Davidson's physical condition. Dr. Jacob Agamasu, an examining consultant, opined that the plaintiff's ability to sit, stand, lift, carry, handle objects, see, and hear was not impaired. (Tr. 225). The ALJ's findings are compatible with this opinion. Treatment records from the Cutshin Clinic do not contradict the ALJ's findings. (Tr. 400-404, 467). These reports provide substantial evidence to support the administrative decision.

Dr. Chaney identified a number of physical restrictions in a Medical Source Statement which would limit Davidson to a restricted range of light level work. (Tr. 346-349). The ALJ rejected Dr. Chaney's physical restrictions as binding because the assessment was not well-supported by objective medical evidence such as tests and x-rays.[2] (Tr. 22). This action would appear appropriate. In April of 2000, Dr. Chaney reported that motor testing was normal throughout. (Tr. 311). A lumbar spine x-ray, dated from December, 1997, more than one-year prior to the relevant time period, was negative.[3] (Tr. 313). Two x-rays of the lumbosacral spine, obtained by Dr. Agamasu during the relevant time frame, revealed normal results. (Tr. 225). Despite the plaintiff's breathing complaints, Dr. Agamasu noted that he had continued to smoke cigarettes. (Tr. 224). In Mullins v. Secretary of Health and Human Services, 836 F.2d 980 (6th Cir. 1987), the court found that in view of a claimant's continued smoking habit, "it was difficult to invision [sic] a severe and environmental restriction imposed by

---

[2]The ALJ incorporated by reference this discussion from the earlier denial decision into his current denial decision. (Tr. 430).

[3]The relevant time period for consideration ran from January 1, 1999, the claimant's alleged onset date (Tr. 85), through December 31, 2002, when his DIB-insured status expired (Tr. 435).

7

a pulmonary condition." Mullins, 836 F.2d at 985. Thus, no environmental restrictions related to a pulmonary problem would appear warranted. Therefore, the ALJ properly rejected the opinion of Dr. Chaney in favor of Dr. Agamasu.

The ALJ properly concluded that Davidson was only restricted to low stress jobs. Social Security Ruling 85-15 states that when a claimant's only restriction is mental, a finding of not disabled is appropriate when one retains the ability to understand, remember and carry out simple instructions, respond to supervision, co-workers and usual work situations, and to deal with changes in a routine work setting. Based upon the findings of Cumberland River and O'Koon, Davidson does not appear to be significantly limited in these areas. Furthermore, the vocational expert did consider the low stress work limitation of O'Koon at the earlier hearing and identified a significant number of jobs which could still be performed. (Tr. 67). Therefore, the ALJ met his burden of proof.

Davidson argues that the ALJ erred in failing to find that his mental condition did not meet a Listing. However, O'Koon clearly testified that no Listing section was met. (Tr. 60-63). The evidence obtained after remand from Cumberland River clearly does not support the plaintiff's assertion that a Listing was met. (Tr. 368-386). Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __14__ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE